```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA

LEAH K. GIACONA                          CIVIL ACTION

VERSUS                                   NO: 05-5197

ALLSTATE INSURANCE COMPANY               SECTION: "J" (5)
```

## ORDER AND REASONS

Before the Court are plaintiff's Motion for New Trial (Doc. 112), and defendant's Motion for Attorney's Fees and Costs (Doc. 114) and renewed Motion for Judgment as a Matter of Law (Doc. 113). The first two motions are opposed and the last was filed ex parte. For the following reasons the Court finds that all three motions should be DENIED.

## BACKGROUND

Plaintiff, Leah Giacona sued Allstate claiming that she was constructively discharged in violation of Family and Medical Leave Act ("FMLA"), American's With Disabilities Act ("ADA"), and Employee Retirement Income Security Act ("ERISA"). The FMLA and ADA claims were tried before a jury, while the ERISA claims were reserved for the Court. Following trial, the jury found that Giacona was constructively discharged by Allstate. Nevertheless,

the jury found in Allstate's favor on both the FMLA and ADA claims. Judgment was rendered in Allstate's favor dismissing the suit. The motions presently before the Court followed.

## DISCUSSION

*A. Motion for a New Trial*

Giacona argues that Allstate's questioning at trial concerning traumatic experiences from her past and the effect of those experiences upon her was "pernicious" and must have convinced the jury that she could not do her job and acted irrationally. Giacona also argues that, because Allstate maintained throughout the entire case that it did not discharge Giacona, there is no evidence to explain her constructive discharge other than plaintiff's evidence of improper considerations that violate FMLA and ADA. Therefore Giacona argues, the jury's verdict finding discharge but no statutory violation is inconsistent. Giacona also alludes to a late-in-the-day question from the jury as an indication of confusion.

Allstate argues that its questioning of Giacona's past was necessitated by her own claim for emotional damages and was, in any event, not particularly emphasized or harsh. Allstate argues that even if it was problematic, Giacona failed to object at trial and so waived the argument. Allstate argues that there is evidence to support the jury's determination that Allstate fired

2

Giacona for legitimate reasons.

To order a new trial the jury verdict must be against the great weight, not just a preponderance, of the evidence. *Shows v. Jamison Bedding, Inc.*, 671 F.2d 927, 930 (5th Cir. 1982). Factors that favor granting a new trial are complex issues, significant disputed evidence, and undesirable or pernicious occurrences at trial. *Conway v. Chemical Leaman Tank Lines, Inc.*, 610 F.2d 360, 363 (5th Cir. 1980).

> "If the jury gives inconsistent answers to special interrogatories, the case must be remanded for a new trial." In determining whether answers are inconsistent, [courts] look to "whether the answers may fairly be said to represent a logical and probable decision on the relevant issues as submitted." A jury's answers "should be considered inconsistent, however, only if there is no way to reconcile them." [Courts make] "a concerted effort to reconcile apparent inconsistencies in answers to special verdicts if at all possible."

*Fiber Sys. Int'l v. Roehrs*, — F.3d —, 2006 WL 3378403, *14 (5th Cir. 2006) (citations omitted).

Giacona's argument that the jury was confused ties in to the complexity factor. The issues of constructive discharge and the shifting burdens of proving inappropriate bias were fairly complicated. However, the answers to the special verdict form can be reconciled. The jury could have decided that Giacona was forced to quit for a legitimate reason. Indeed, there is nothing unusual about a jury finding that the plaintiff was discharged

and also concluding that the employer had a legitimate reason. In a run-of-the-mill FMLA or ADA improper discharge case, the fact that the employee was discharged is a given.

Giacona's argument that there must be insufficient evidence of legitimate discharge because Allstate consistently denied discharging Giacona at all is only persuasive in the abstract. The reality of the trial was that Allstate presented evidence to the jury that could have been interpreted as excessive non-protected absences from work. Allstate's presentation of evidence in support of the legitimacy of its "write-up" for excessive non-protected absences aligns well enough with a finding that she was forced to leave for excessive non-protected absences.

Finally, Allstate's questioning of Giacona's traumatic past does not seem to be the sort of "pernicious" influence that would warrant a new trial. The questioning was provoked by her own attempt to recover emotional damages, its parameters were circumscribed by the Court before and during trial, and there is no indication that it prejudiced the jury against her.

*B. Allstate's Motion for Costs and Attorney's Fees*

Allstate moves for costs and attorney's fees based on Federal Rule of Civil Procedure 68 and on the fee shifting provisions of the ADA and ERISA.

Rule 68 governs offers of judgment. If plaintiff had gotten

a judgment worth less than a timely offer from Allstate then the Court would be required to award Allstate's costs and fees. *Johnston v. Penrod Drilling Co.* 803 F.2d 867, 869 (5th Cir. 1986). However, the rule does not apply where the defendant wins, and the plaintiff does not recover a judgment. *Delta Airlines v. August*, 450 U.S. 346, 351 (1981); *Johnston v. Penrod Drilling Co.*, 803 F.2d 867, 869 (5th Cir. 1986). Giacona did not recover a judgment, so Rule 68 does not apply.

The statutory fee shifting provisions place the decision in the Court's discretion. *See* 42 U.S.C. §§ 2000e-5(k), 12117(a); 29 U.S.C. § 1132(g). The decision to grant a motion to shift fees hinges upon considerations such as the opposing party's bad faith, the opposing party's ability to pay, and the relative merits of the parties' claims. *See Wegner v. Standard Ins. Co.*, 129 F.3d 814, 821 (5th Cir. 1997).

The most questionable part of Giacona's case was the allegation of constructive discharge, and the jury found for her on that issue. Her case was not frivolous. The relative financial positions of the parties recommend that no fees be awarded.

*C. Allstate's Renewed Motion for Judgment as a Matter of Law*

Allstate renews its motion for judgment as a matter of law. Allstate makes two arguments that the jury's finding of constructive discharge is incorrect as a matter of law. First,

5

Allstate gives the seven factors considered relevant by the Fifth Circuit in determining whether there has been a constructive discharge. Allstate argues that Giacona failed to satisfy any of the factors. Allstate also argues that Giacona's resignation when she had an alternative, less drastic measure available prevents a finding of constructive discharge.

The seven factors considered under Fifth Circuit caselaw are: "(1)Demotion; (2)reduction in salary; (3) reduction in job responsibilities; (4) reassignment to menial or degrading work; (5) reassignment to work under a less qualified supervisor; (6)badgering, harassment, or humiliation by the employer calculated to encourage the employee's resignation; or (7) offers of early retirement or less favorable terms of continued employment." *Haley v. Alliance Compressor LLC*, 391 F.3d 644, 650 (5th Cir. 2004). Allstate notes that Giacona only offered evidence of the sixth factor, harassment calculated to encourage resignation. Allstate argues that "mean" statements are not sufficient to support a finding of constructive discharge because the harassment must be more than that required by a hostile work environment. *Id*. However, there were other statements by Allstate that could be construed as calculated to encourage resignation. Giacona testified that Allstate told her that if she missed any more time at work, she would be fired. Giacona testified that she

6

knew she could not continue to care for her son without missing more time at work. Therefore, she felt compelled to quit. This situation does not fit neatly into the hostile work environment sort of analysis. Nevertheless, the jury was justified in considering an impossible ultimatum to be tantamount to a discharge.  "Whether an employee would feel forced to resign is case- and fact-specific." *Id.*

Allstate also argues that Giacona could have either filed a grievance with Allstate, or filed a charge with the appropriate governmental agency, rather than quitting. Allstate cites several cases that conclude that summary judgment was appropriate where the plaintiff quit before trying other remedial measures. *See Id.* at 652; *Webb v. Cardiothoracic Surgery Assoc.*, 139 F.3d 532, 539 (5th Cir. 1998); *Boze v Branstetter*, 912 F.2d 801, 805-06 (5th Cir. 1990). The cases are fairly persuasive support for an argument that Giacona was not discharged. However, they do not establish a rule that an employee must take alternative measures before quitting. It depends on what a "reasonable employee" in the situation would have done. Usually a reasonable employee would not feel compelled to quit without trying to remedy the situation. The jury made a determination in this case that a reasonable employee in Giacona's situation would have felt compelled to quit. The jury heard evidence that Giacona was given

7

an impossible ultimatum and that Giacona tried to resolve Allstate's concerns by completing the recertification process before she was asked for certification again. Reasonable minds may differ, and in the circumstances of this case, the jury's finding that Giacona's resignation functioned as a discharge is not unreasonable or contrary to the law.

Finally, Allstate seeks judgement as a matter of law on the ERISA claims. Allstate argues that Giacona waived her ERISA claims by failing to properly plead them as relates to health care benefits and by failing to present evidence to support them at trial. Allstate also argues that Giacona lacks standing to sue for benefits denied to her son. Because Allstate did not move for judgment as a matter of law on the ERISA claims prior to the court's judgement, the Court need not consider arguments first urged in a renewed motion. *See* Fed. R. Civ. P. 50(b). In addition, the arguments lack merit. Paragraph 19 of the complaint is sufficient to put Allstate on notice that the health care benefits were at issue. Regarding the failure to present evidence, the Court witnessed all the evidence presented to the jury and received the exhibits in support of the ERISA claim. Regarding standing, the claim is for damages resulting from improper retaliatory termination, and Giacona, as the party allegedly terminated, has standing to sue for resulting injury.

Although Allstate is not entitled to judgment as a matter of law for the reasons stated, the Court, having heard the evidence presented at trial and having reviewed the separate exhibits submitted in support of the ERISA claim, finds that Giacona was not, in fact, terminated in retaliation for claiming benefits under ERISA. Thus, Allstate is entitled to judgment on this claim.

## CONCLUSION

**IT IS ORDERED** that plaintiff's Motion for New Trial (Doc. 112) is **DENIED;**

**IT IS FURTHER ORDERED** that defendant's Motion for Attorney's Fees and Costs (Doc. 114) is **DENIED.**

**IT IS FURTHER ORDERED** that defendant's Renewed Motion for Judgment as a Matter of Law (Doc. 113) is **DENIED.**

New Orleans, Louisiana this the 12th day of January, 2007.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE